## STATE v. DE ANGELES.

No. 4688.  Decided July 13, 1928.  (269 P. 515.)

*B. W. Dalton and Henry Ruggeri,* both of Price, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *L. A. Miner,* Asst. Atty. Gen., for the state.

GIDEON, J.

The defendant, John De Angeles, was charged jointly with Mike De Angeles, and Nick Galanis with feloniously setting fire to a certain stock of merchandise, the property of John De Angeles, with intent to defraud certain insurance companies. Mike De Angeles and Nick Galanis were tried separately and acquitted. The offense was charged to have been committed on March 13, 1926, in the city of Price, Carbon county, this state. Defendant was convicted. He appeals. The trial court's rulings on the admission of certain evidence over the defendant's objections are assigned as error. Refusal of the court to grant defendant's motion for nonsuit and motion for a directed verdict, as well as the court's refusal to give certain requested instructions and the giving of other instructions to which objections were made and exceptions reserved, are also assigned as error.

There is no direct evidence in the record that appellant was present at the place of the fire at the time the fire was first seen or that he did any of the acts that caused or resulted in the fire. In order to connect appellant with the fire and convict him of the offense charged in the information it thus became and was incumbent upon the state to establish an agreement or conspiracy between him, Mike De Angeles, and Nick Galanis to set fire to and burn the merchandise, or show facts from which such an agreement or conspiracy could be inferred.

The state's testimony was to the effect that the defendant was the owner of a stock of gent's furnishings located in Price, Carbon county, Utah; that the business was conducted by him under the name and style of the Star Style Shop; that at about the hour of 9 o'clock on the evening of March 13, 1926, the defendant was seen at his place of business with the others charged in the information; that at about that hour others were in the store but did not observe anything unusual in the store building or anything different in the arrangement of the merchandise therein than at other times. The testimony was also to the effect that at about that time defendant was seen with another carrying a large trunk from the store to some other building in the city of Price. The state's testimony also is that the merchandise owned by defendant was of the value of approximately $8,000; that the defendant's indebtedness was in excess of $5,000; and that the stock of merchandise was insured for an amount in excess of $12,000. The state's evidence is further to the effect that the defendant left Price shortly after 9 o'clock on the evening of March 13, 1926, and went to a neighboring village; that at about the hour of 11 or 11:30 p. m. of that day Mike De Angeles and Nick Galanis went to the store of the defendant, unlocked the front door, and almost immediately after entering the building he struck a match and an explosion occurred inside the building which attracted the attention of others to that vicinity. Following the explosion Mike De Angeles and Nick Galanis were seen to run from the store, and they were rather badly burned. The fire department was called and entrance was had into the building. It was then discovered that numerous piles of paper and boxes had been placed in different places on the main floor of the store building. It was testified that a strong odor of gasoline was noticeable in the building; also, that some gasoline bottles were found in a shed back of the building and that footprints or tracks of people walking to and fro between the shed and the building were discernible. After the discovery of the fire, and

in the early morning of March 14, 1926, Mike De Angeles and Nick Galanis were arrested. Later on that morning the sheriff of Carbon county talked with them concerning the fire and its origin. Over the objections of the defendant the sheriff was permitted to give the substance of this conversation. The rule of the court in admitting this testimony is assigned as error.

The sheriff testified that he inquired of Mike De Angeles and Nick Galanis as to the origin or cause of the fire; that Nick Galanis in the presence of Mike De Angeles stated "that the reason he and Mike were at the store at that time, the time of the fire, was at the request of Johnnie De Angeles;" that "he had gone there to turn out the lights at the store," and that "that accounted for them being there at that time, so he said." The sheriff further testified that Nick Galanis said that he had a key to the store, but that Mike De Angeles unlocked the store door, and he inquired of Nick if he had a match; that Nick further said that on receiving a negative answer Mike said, "Never mind, I have got one," and that thereupon Mike struck the match and the explosion occurred. The sheriff also testified that Mike De Angeles said he did not strike the match, but that upon opening the door the explosion occurred, as he (Mike) supposed, from the air rushing in. The conversation in which these statements were made by Mike De Angeles and Nick Galanis was had on the morning following the fire and in the absence of John De Angeles, the defendant, herein.

It is strongly insisted in the arguments here that the admission of this testimony was error, and, furthermore, that such error was highly prejudicial to the appellant. This conversation, or the statements made therein by Mike De Angeles and Nick Galanis, formed a link in the state's case against John De Angeles attempting to connect him with the fire or to show a state of facts from which an inference could be drawn that the appellant had entered into some understanding or conspiracy with the other defendants to burn the store and the merchandise and

thereby defraud the insurance carriers. It is apparent that any conspiracy, if one were established or existed, had ceased and was a thing of the past at the time of the conversation between the sheriff and Mike De Angeles and Nick Galanis. The law applicable to the admission of such testimony as was given by the sheriff on this phase of the case is stated in Underhill's Criminal Evidence (3d Ed.) at page 963, as follows:

"That the accused was not present when the declaration, which is introduced against him, was uttered by a fellow conspirator, does not of necessity render it incompetent if it conforms to the rule in other respects. But as a general rule those declarations only are admissible which are made by a conspirator during the existence of the conspiracy and in furtherance of it. Statements which are merely narrative of past events ·(though in the form of a confession, i. e., an admission of the conspiracy), and made after the conspiracy had ceased to exist either by success or failure, are not receivable against a fellow conspirator, unless the latter was present when they were made and heard them, or had knowledge of them, and expressly or by implication acquiesced in them."

That general rule or principle as to the admission of this class of testimony was recognized by the Supreme Court of the Territory of Utah in *People* v. *Farrell,* 11 Utah, 414, 40 P. 703. The third paragraph of the syllabus to that case reflects the opinion of the court. It reads:

"On the separate trial of one of two who had been indicted together for larceny, it is fatal error to admit against the one on trial the acts and statements of the other made after the crime had been completely committed."

The rule or principle of law there stated has been recognized and applied by this court ·in at least three subsequent decisions: *State* v. *Gillis,* 40 Utah, 541, 123 P. 93, 43 L. R. A. (N. S.) 776; *State* v. *Inlow,* 44 Utah, 485, 141 P. 530, Ann. Cas. 1917A, 741; *State* v. *Barretta,* 47 Utah, 479, 155 P. 343.

On behalf of appellant it is contended that the state wholly failed to establish any conspiracy or any acts or con-

duct on the part of appellant and the others charged with him from which a conspiracy can be inferred. The motion for nonsuit and the motion for a directed verdict were based upon this contention. The rulings of the court denying these motions are assigned as error.

The admission of the sheriff as to the conversation had on the morning following the fire with Mike De Angeles and Nick Galanis, under the authorities, must be held to be error. As the evidence so erroneously admitted was an important part of the state's case in its efforts to establish a conspiracy and in this way to connect the appellant with the offense charged, the error must be held to be prejudicial. Being prejudicial, the error necessarily works a reversal of the judgment of conviction.

Much of appellant's brief is devoted to his contention that the state failed to establish a conspiracy to burn the building and the merchandise with intent to defraud the insurance carriers or facts from which such a conspiracy can be inferred. It must be conceded that the evidence in the record is not very conclusive or convincing that an understanding or agreement existed between appellant and those charged with him to burn the building and its contents with intent to defraud the insurance carriers. We are, however, not prepared to hold that there was not sufficient testimony offered by the state from which a jury would be justified in finding that the appellant was responsible for and that his acts were the cause of the fire independent of the conversation testified to by the sheriff.

We find no error in the instructions as given. The instructions as given embodied every request made on the part of appellant to which he was entitled.

Judgment reversed. Cause remanded to the court below, with directions to grant a new trial.

THURMAN, C. J., and CHERRY, STRAUP, and HANSEN, JJ., concur.